The State of Ohio *v.* Brumley.

(No. 89799—Decided April 8, 1969.)

Common Pleas Court of Hamilton County.

*Mr. Leonard Kirschner*, for respondent state of Ohio.
*Mr. James V. Heath*, for petitioner Raymond L. Brumley.

Keefe, J. The petition in this matter was filed by Raymond L. Brumley for a post-conviction determination of constitutional rights under Section 2953.21, Revised Code. The petitioner was determined by me to be indigent and counsel was appointed to represent him. The petitioner is now a prisoner in the London Correctional Institution in London, Ohio, having been sentenced on October 19, 1967, for burglary following a guilty plea.

Pursuant to the petition a hearing was held on the issues. The petitioner was present and testified as did other witnesses both on behalf of petitioner and the state of Ohio.

Petitioner contends that the Assistant Hamilton

County Prosecutor assigned to his case threatened petitioner with a more severe penalty if the petitioner did not plead guilty to the pending indictment charging him with burglary. He contends that this amounted to a denial or infringement of his constitutional rights so as to render his guilty plea and conviction void or voidable. The threat which the petitioner maintains was made amounted to a representation on the part of the Assistant County Prosecutor that consideration was being given by the Prosecuting Attorney's Office to the prosecution of the petitioner as an habitual criminal under Section 2961.11, Revised Code. It is not controverted that if petitioner had been successfully prosecuted as an habitual criminal, his minimum sentence would have been substantially greater than that provided for the burglary conviction only.

The petitioner-defendant did, in fact, enter a plea of guilty to burglary and signed an instrument entitled "Withdrawal of Plea of Not Guilty and Plea of Guilty." He signed this statement voluntarily:

"I, Ray Brumley, Defendant, in the above cause, hereby voluntarily retract and withdraw my Plea of Not Guilty to the charge in the indictment, entered herein on a former day of this court, and having been fully informed as to the charge contained in the Indictment, and the penalty therefor provided by Law, and fully understanding my Constitutional Rights do enter a Plea of Guilty of Burglary of Uninhabited Dwelling as charged in the Indictment."

The signatures of his two attorneys also appear on the Withdrawal and they represent (on the Withdrawal itself) that they have explained to the defendant the charge contained in the Indictment, the penalty therefor and his Constitutional Rights.

In addition, the court said to him:

"I have a paper here which appears to have your signature on by which you are withdrawing your plea of not guilty and entering a plea of guilty. Is that what you want to do, Sir?"

The petitioner-defendant replied:

"Yes, Sir."

Later, when the court inquired as to what if anything the petitioner had to say as to why sentence should not be pronounced, he replied:

"Nothing."

Still later, in connection with a stay of execution for the petitioner-defendant, the court asked him:

"Is that all right?" and he responded:

"Yes, Sir."

Also the court asked:

"You want a stay until Saturday?"

The petitioner-defendant answered:

"Yes, sir, that will be fine."

Petitioner himself importuned his attorneys to inquire of the assistant prosecuting attorney if in fact petitioner pleaded guilty to the burglary would the prosecuting attorney refrain from seeking an habitual offender indictment. The prosecuting attorney's office has never sought such an indictment against petitioner.

This petitioner is conversant with court procedures, trials, sentences, and the like. He must reasonably be held to have had an awareness of the habitual criminal law of this state before he came into the court room on the day when he entered his guilty plea. However, assuming only for the sake of argument that his original awareness of the details of the habitual criminal law were first made known to him on the date set for trial, nevertheless he had a minimum of one hour during which to discuss the subject with both his attorneys and the assistant prosecuting attorney, and he did in fact discuss it with them. There is convincing evidence that because of the time taken for the disposal of other court business, that actually he had almost two hours for consideration. On the basis of testimony introduced at the hearing, I find that petitioner's attorneys made an adequate and fair disclosure to him concerning his chances both on the burglary indictment and a possible subsequent habitual criminal charge. One of his attorneys advised the petitioner that if the burglary case were tried before a jury, petitioner "had a

better than fifty per cent chance of being acquitted." These last quoted words are from the petitioner's own pleading.

Even though petitioner originally questioned the competency of one of his two lawyers, most of these allegations were withdrawn by him at the hearing and the other claims were unsustained by the evidence. At no time did he find any fault with the other attorney.

Taking into consideration all of the circumstances present, including representation by two attorneys, both of whom were conscientious and competent, the criminal law sophistication of the petitioner-defendant, and the trial court's exploration of the voluntary nature of the guilty plea, the conclusion is inescapable that the plea was not in any way coerced. There is no showing that there was such a denial or infringement of petitioner's rights as to render the conviction and sentence void or voidable either under the Ohio Constitution or the Constitution of the United States. It is my determination that the petition filed by Mr. Brumley must be dismissed.

When the petitioner came before the parole board of this state, approximately a year after he was sentenced, he acknowledges that the board refused parole and required him to serve an additional four years. He realizes that this development is the direct result of convictions prior to his burglary conviction in October 1967. Petitioner voluntarily and formally declared his guilt in October 1967. Unquestionably he hoped for as short a confinement term as possible for the crime of burglary. His hopes and expectations probably were thwarted by the parole board. However, neither this nor any other reasons which have been suggested would, at this time, some eighteen months after sentence, justify petitioner's renunciation of his voluntary guilty plea of October 19, 1967.

This constitutes the court's findings of fact and conclusions of law as required by Section 2953.21, Revised Code.

The petition of Raymond L. Brumley is dismissed.

*Petition dismissed.*